Rob A. Justman (024436)
MEAGHER & GEER, PLLP
8800 N. Gainey Center Drive, Suite 261
Scottsdale, Arizona 85258
Telephone: (480) 607-9719
Facsimile: (480) 607-9780
rjustman@meagher.com
*Counsel for Defendants Ann Etten and Erica Etten*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY, a Wisconsin Corporation,

Plaintiff,

v.

ANN ETTEN, a married woman; ERICA ETTEN, a single woman; GREGORY ROBISON and GRACE ROBISON-KLONOSKI, individually and on behalf of the statutory beneficiaries of Deborah Robison, deceased; ERICA F. SMITH, as personal representative of the Estate of Lawrence H. Smith, and on behalf of IRVING and ESTELLE SMITH, surviving parents of Lawrence H. Smith, deceased,

Defendants.

No. CV-16-08211-PCT-JJT

**DEFENDANTS ANN ETTEN'S AND ERICA ETTEN'S MOTION TO DISMISS AMENDED DECLARATORY JUDGMENT COMPLAINT (DOC. 17)**

(The Honorable John J. Tuchi)

Defendants Ann Etten and Erica Etten ("the Ettens") move the Court to exercise its discretion and dismiss this declaratory judgment action under Federal Rule of Civil Procedure 12(b)(1), 28 U.S.C. § 2201(a), and *Geico v. Dizol*, 133 F.3d 1220 (9th Cir.

1998). This is an insurance-inspired declaratory judgment action. The proceedings originate in Arizona Superior Court for Mohave County. A car accident resulted in the deaths of two bicyclists, and a wrongful death action has been brought on behalf of the beneficiaries of the bicyclists. The wrongful death action was brought against the Ettens in Mohave County Superior Court.

Plaintiff National Farmers Union Property & Casualty Company ("Farmers Union") filed this declaratory action to avoid a duty to defend and indemnify the Ettens against the wrongful death action. Farmers Union's Amended Complaint alleges four counts, and all four counts are for declaratory judgment. Under *Dizol*, the Court may decline to exercise jurisdiction over this declaratory action, given the permissive language of the Declaratory Judgment Act, 28 U.S.C. § 2201(a). This request that the Court decline jurisdiction is made under Federal Rule of Civil Procedure 12(b)(1). *See, e.g., IDS Prop. & Cas. Ins. Co. v. Gambrell*, 2012 WL 6725607, *2 (D.Ariz. 2012).

This Motion is accompanied by a notice of certification of conferral, and the following memorandum of points and authorities.

**I. Background Facts**

This is a declaratory judgment action brought by an insurance company against its insureds and wrongful death claimants. Defendants Gregory Robison, Grace Robison-Klonoski and Erica Smith (collectively "the Robisons and Smith") filed a wrongful death action against the insureds (the Ettens) in Mohave County Superior Court. The case is captioned *Gregory Robison, et al. v. Erica Etten, et al.*, Arizona Superior Court, Mohave County, Case No. CV2015-07216 ("the Wrongful Death Action"). The operative pleading in the Wrongful Death Action (an Amended Complaint) is found at Exhibit 1 to Doc. 17 (Plaintiff's First Amended Declaratory Judgment Complaint ("the Complaint")). The Wrongful Death Action is currently pending before the Mohave County Superior Court, with discovery ongoing.

Farmers Union filed this declaratory judgment action to litigate coverage for the Wrongful Death Action. The Complaint (Doc. 17) states four counts:

1. Declaratory Judgment of No Liability Under the Family Purpose Doctrine;
2. Declaratory Judgment of No Coverage Under the Umbrella Policy;
3. Declaratory Judgment of No Coverage Under the Farm Policy;
4. Declaratory Judgment of No Reasonable Expectation of Coverage for Ann Etten Under the Policies.

(Doc. 17, Complaint, ¶¶ 82-123).

Since all the counts of the Complaint ask the Court for declaratory judgment, it is within the discretion of the Court to decline to assert jurisdiction.

**II. The Court May Decline to Entertain this Action.**

While the Declaratory Judgment Act gives the Court the power to grant declaratory relief, the Court may decline to do so. *Dizol*, 133 F.3d at 1223. The Act reads the Court "may" act, and thus, is "deliberately cast in terms of permissive, rather than mandatory, authority." *Id.* Generally speaking, there is no presumption in favor of exercising jurisdiction; there is no presumption in favor of declining jurisdiction. *See Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002).

The Court may assert or decline jurisdiction balancing "considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Guiding this determination are the *Brillhart* factors, under which the Court seeks to:

(1) Avoid needless determination of state law issues;

(2) Discourage litigants from filing declaratory actions as a means of forum shopping; and

(3) Avoid duplicative litigation.

*Dizol*, 133 F.3d at 1225. No one factor is controlling, and additional considerations include:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purpose of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.*, *accord Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005).

## III. The Court May Avoid Duplicative Litigation and Entanglement with the Mohave County Superior Court By Declining Jurisdiction.

This declaratory action is entwined with the Wrongful Death Action in ways big and small. None so big, however, as Count One of the Amended Complaint for Declaratory Judgment: Declaratory Judgment of No Liability Under the Family Purpose Doctrine. (Doc. 17, at ¶¶ 82-91). This count is perhaps a mirror image of Count Five of the Amended Complaint in the Wrongful Death Action: Negligence Family Purpose Doctrine. (Doc. 17, at Exhibit 1, ¶¶ 29-33).

### A. Farmers Union Asks this Court to Rule on a Liability Issue at the Heart of the Wrongful Death Action.

In the Wrongful Death Action, the family purpose doctrine Count asks for a finding that "Ann Etten is vicariously liable under the family purpose doctrine for the negligence of her daughter". (Doc. 17, at Exhibit 1, ¶ 33). In this declaratory action, the family purpose doctrine Count seeks a ruling that "[t]he Underlying Plaintiffs in the Underlying Lawsuit cannot establish liability against Ann Etten under the Family Purpose Doctrine under Arizona law according to the Arizona Supreme Court precedent in *Benton v. Regeser*, 20 Ariz. 273, 179 P. 966 (1919) and its progeny, including *Young v. Beck*, 227 Ariz. 1, 251 P.3d 380 (2011)." (Doc. 17, ¶ 84). This Court can hardly make that ruling

without entangling itself in the proceedings before the Mohave County Superior Court. The proceedings in Mohave County Superior Court will establish whether Ann Etten is liable under the family purpose doctrine. Farmers Union cannot file a declaratory action in this Court to obtain a federal ruling on Ann Etten's liability under the family purpose doctrine. That would contravene all three *Brillhart* factors.

One, application of the family purpose doctrine is a state law issue – *Young v. Beck*, 227 Ariz. 1, 251 P.3d 380 (2011) – and the Mohave County Superior Court should decide the issue of state law. A determination by this Court on the same issue would be "needless." Two, the Mohave County Superior Court is the forum for litigating the application of the family purpose doctrine. If this declaratory action proceeds, the Court would encourage "filing declaratory actions as a means of forum shopping." Insurance companies would have the option of filing federal actions to obtain rulings on state tort liability issues pending before state courts. Third, litigating the application of the family purpose doctrine to the facts and circumstances underlying the Wrongful Death Action in both Mohave County Superior Court and the United States District Court would create "duplicative litigation."

In sum, the Court should not entangle its proceedings with those of the Mohave County Superior Court. A declaratory action to litigate the same issue on the same facts is precisely what the Ninth Circuit counsels against. *See Dizol*, 133 F.3d at 1225.

**B. The Coverage Issues Should Be Heard Where the Broader Controversy Originated: in Mohave County Superior Court.**

The Amended Complaint's remaining counts should not save this action from dismissal. The remaining counts are for a declaration that Farmers Union has no duty to defend or indemnify the Ettens against the Wrongful Death Action. Farmers Union seeks relief from its duty to defend and indemnify against the Wrongful Death Action under the Umbrella Policy (Count Two), the Farm Policy (Count Three), and the reasonable expectations doctrine (Count Four).

To make such a determination, however, the Court would have to compare the facts of the Wrongful Death Action with the coverage afforded by the Policies under applicable law. *See Kepner v. Western Fire Ins. Co.*, 109 Ariz. 329, 509 P.2d 222 (1973). And this District is clear that such a determination is better made in state court "where the broader controversies originated." *See, e.g., U-Haul Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2011 WL 4104880, *4 (D.Ariz. 2011) (exercising discretion to not consider declaratory action because insurance coverage was a state law issue and while the coverage issues were not before the state courts in the underlying cases, "the state courts, upon proper motion, would be better positioned to determine the insurance coverage matter" as they were home to the underlying lawsuits); *National Union Fire Ins. Co. of Pittsburgh, PA v. Aero Jet Services, LLC*, 2011 WL 4708857, *2-*3 (D.Ariz. 2011) (observing that under Ninth Circuit precedent "when the legal determinations in each case depend upon the same facts, the actions are sufficiently parallel to favor state court adjudication even when the insurer requesting declaratory judgment is not a party to the underlying tort claims").

In *Riverport Insurance Co. v. Horizon Human Services Inc.*, 2015 WL 7351670 (D.Ariz., Nov. 20, 2015), Judge Rayes explained the logic and precedent supporting not asserting jurisdiction over a declaratory action arising from an underlying state tort case:

> *Dizol* went on to state that if there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court…. Riverport [Insurance Company] argues there is no pending state court proceeding involving the same issues [insurance coverage issues] between the same parties [Riverport was not a party to the underlying tort suit]…. But[, says Judge Rayes,] proceedings are sufficiently parallel if they arise from the same factual circumstances. The issues and facts do not have to be identical. Here, both suits [the underlying tort suit and the declaratory action] arise from the same set of facts: Cain's attack on his mother and aunt on October 4, 2013, and thus necessarily involve similar factual issues. As such, the proceedings are sufficiently parallel for the presumption to apply. Thus, because Riverport did not bring any non-discretionary claims and

> because there is a pending state proceeding arising out of the same factual scenario, the Court begins its analysis with a presumption against exercising jurisdiction in this case.

*Id*. at *3 (internal quotations and citations omitted).

The same is true here. This declaratory action arises from the deaths of two bicyclists. It is true the insurance coverage issues pled in Counts Two, Three, and Four are not pled in the Wrongful Death Action; and it is true Farmers Union is not a party to the Wrongful Death Action; but it is equally true that here – the same as *Riverport* – the Wrongful Death Action and the declaratory action arise from the same set of facts: the car accident that resulted in the deaths of two bicyclists. The Wrongful Death Action is "a pending state proceeding arising out of the same factual scenario." Under *Riverport*, the Wrongful Death Action and the declaratory action "are sufficiently parallel for the presumption to apply."

The Ettens respectfully submit the Court may begin its analysis of Counts Two, Three, and Four with a presumption against asserting jurisdiction. As Judge Rayes observed,

> [T]he issue here is not whether the Court *could* exercise jurisdiction over this case, but whether it *should*, given the pending state action. Riverport provides no reason or special circumstance that would make exercising jurisdiction in this case appropriate, and Ninth Circuit precedent generally counsels against the exercise of federal-court jurisdiction over claims for declaratory relief that involve only state law questions and are brought during the pendency of a related state court proceeding.

*Id*. at *4 (internal quotations omitted) (emphasis in original).

Farmers Union may re-file its declaratory action in Mohave County Superior Court. *See* A.R.S. § 12-1832 (the Arizona declaratory judgment act). The Mohave County Superior Court can then coordinate the Wrongful Death Action with the declaratory action to eliminate entanglement and duplicative litigation. In fact, the Mohave County Superior Court could assign both cases to the same judge. *See* Ariz. R. Civ. P. 42; *see also Western*

*World Ins. Co. v. Ramirez*, 2007 WL 2330863, *4 (D.Ariz. 2007) ("This matter arises out of an automobile accident that occurred on November 16, 2003 in Yuma, Arizona. The Ramirez Defendants have filed suit against Affordable and its driver in the Superior Court of Arizona in Yuma County. Affordable has filed a bad faith action against Western World in the same court. Affordable's bad faith action *is pending before the same judge who has presided over the personal injury action…. It stands to reason that the judge who presided over the Ramirez Defendants' personal injury action is well acquainted with many of the facts on which Affordable's bad faith action will turn.*"); *see also Owners Insurance Co. v. Young's Corral LLC*, 2011 WL 3759497, *4 (D.Ariz. 2011) ("the declaratory judgment action risks entangling the federal and state court systems, as Plaintiff is requesting that this Court declare that it is no longer responsible for defending Young's Corral in the underlying case").

A stay of one case or the other may be in order, according to the judgment of the Mohave County Superior Court. Asking the federal court system to coordinate with the state court system on issues of fact discovery and the like would not be unheard of, but the preferred course would be to allow the coordination to take place where the broader controversy originated: in state court. This would give full effect to "considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. And this is the preferred course in this District. *See Riverport*, 2015 WL 7351670, *4 ("exercising jurisdiction over this case while the state action is pending may duplicate discovery efforts and waste resources. The mere possibility of duplicative litigation, however remote, weighs in favor of abstention"); *U-Haul*, 2011 WL 4104880, *4 ("One, declaratory relief would not settle all aspects of the broader controversies, as the lawsuits against U-Haul by the plaintiffs in the underlying cases would still require resolution. Two, the declaratory judgment action risks entangling the federal and state court systems, as U-Haul is requesting that this Court interpret a contract that could determine the amount of money

available to the plaintiffs in the underlying cases in the event of a settlement or an adverse judgment against U-Haul. Three, a better remedy exists in this case, namely the settlement of all controversies in the state courts").

**C. The *Brillhart* Factors Suggest the Court Should Decline to Assert Jurisdiction Over this Declaratory Action.**

Under *Riverport*, the Court may weigh the *Brillhart* factors with a presumption against asserting jurisdiction. The *Brillhart* factors support a dismissal of this action:

1. The state law issues – especially the application of the family purpose doctrine to the facts of the Wrongful Death Action – should be left to the state courts.

2. Filing federal lawsuits to secure an alternative forum to litigate liability issues – such as application of the family purpose doctrine – and of state insurance coverage issues – should be discouraged.

3. The possibility of duplicative litigation – particularly on the family purpose doctrine – but also on the facts of the Wrongful Death Action against which insurance coverage will be determined – should be avoided.

Taken together, dismissal is warranted. *See Owners Insurance Co. v. Young's Corral LLC*, 2011 WL 3759497, *3 (D.Ariz. 2011) (applying the *Brillhart* factors to dismiss declaratory judgment action arising from an insurance dispute); *IDS Property & Casualty Ins. Co. v. Gambrell*, 2012 WL 6725607, *3 (D.Ariz. 2012) (same); *National Union Fire Ins. Co. of Pittsburgh, PA v. Aero Jet Services, LLC*, 2011 WL 4708857, *3-*4 (D.Ariz. 2011) (same); *Geico Indem. Co. v. Brown*, 2011 WL 2580394, *5 (D.Ariz. 2011) (same); *Hoelbl v. Geico Gen. Ins. Co.*, 2010 WL 5463389, *2 (D.Ariz. 2010) (same); *Owners Insurance Co. v. Monte Vista Hotel*, 2010 WL 447343, *3-*4 (D.Ariz. 2010) (same); *Empire Fire & Marine Insurance Co. v. Bittermann-Halbreich*, 2008 WL 4183075, *3 (D.Ariz. 2008) (same); *Great American Assurance Co. v. Bartell*, 2008 WL 1927333, *3-*4 (D.Ariz. 2008) (same); *Western World Insurance Co. v. Ramirez*, 2007 WL 2330863, *3-*4 (D.Ariz. 2007) (same).

**IV. Conclusion**

The cases supporting dismissal are plenty; they are compelling; and they strongly suggest that coordination of this action by the United States District Court with the Wrongful Death Action in Mohave County Superior Court would be a bad idea. Wise judicial administration calls for the adjudication of this declaratory action where the underlying controversy originated: in Mohave County Superior Court. The Ettens ask the Court to exercise its discretion to dismiss this declaratory judgment action.

RESPECTFULLY SUBMITTED November 18, 2016.

MEAGHER & GEER, P.L.L.P.

By: /s/ Rob A. Justman
Rob A. Justman
8800 N. Gainey Center Drive, Suite 261
Scottsdale, Arizona 85258
*Counsel for Ann Etten and Erica Etten*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2016, I electronically transmitted the attached documents to the court clerk's office using the CM/ECF system for filing and thereby transmitted a notice of electronic filing to the following CM/ECF registrants:

Clerk of Court
***United States District Court***
District of Arizona – Phoenix
401 W. Washington Street, Suite 130
Phoenix, Arizona 85007

The Honorable John J. Tuchi
***United States District Court***
Sandra Day O'Connor U.S. Courthouse, Suite 525
401 W. Washington Street, SPC 83
Phoenix, Arizona 85007

Mark G. Worischeck, Esq.
Ryan P. Sandstrom, Esq.
***Sanders & Parks, P.C.***
3030 North Third Street, Suite 1300
Phoenix, AZ 85012
*Attorneys for Plaintiff*

I hereby certify that on November 18, 2016, I served the attached document by mail and via e-mail on the following, who are not registered participants of the CM/ECF System:

Robert L. Russell, Esq.
***Robert Russell Law Office***
220 W. Washington Ave.
Suite 103
Fergus Falls, MN 56537
*Attorneys for the Defendants Ann Etten And Erica Etten*

Patrick E. Broom, Esq.
***Russo, Russo & Slania, PC***
6700 North Oracle Road
Suite 100
Tucson, Arizona 85704
*Attorneys for Defendants Gregory Robison and Grace Robinson-Klonoski*

Kurt Kroese, Esq.
***Biaggi & Kroese, PLLC***
55 West Franklin Street
Tucson, Arizona 85701
*Attorneys for Defendant Erica F. Smith*

I hereby certify that on November 18, 2016, I served the attached document by mailed to the following:

The Honorable John J. Tuchi
***United States District Court***
Sandra Day O'Connor U.S. Courthouse, Suite 525
401 W. Washington Street, SPC 83
Phoenix, Arizona 85007

By: /s/ Vanessa Henderson

11261454.1