Rob A. Justman (024436)
MEAGHER & GEER, PLLP
8800 N. Gainey Center Drive, Suite 261
Scottsdale, Arizona 85258
Telephone: (480) 607-9719
Facsimile: (480) 607-9780
rjustman@meagher.com
*Counsel for Defendants Ann Etten
and Erica Etten*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY, a Wisconsin Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANN ETTEN, a married woman; ERICA ETTEN, a single woman; GREGORY ROBISON and GRACE ROBISON-KLONOSKI, individually and on behalf of the statutory beneficiaries of Deborah Robison, deceased; ERICA F. SMITH, as personal representative of the Estate of Lawrence H. Smith, and on behalf of IRVING and ESTELLE SMITH, surviving parents of Lawrence H. Smith, deceased,<br><br>Defendants. | No. 3:16-cv-08211-JJT<br><br>**ANN ETTEN'S AND ERICA ETTEN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>**(Oral Argument Requested)**<br><br>(The Honorable John J. Tuchi) |

Defendants Ann Etten and Erica Etten ("the Ettens") submit this Reply in Support of their Motion to Dismiss the Amended Declaratory Judgment Complaint (Doc. 22). This Reply addresses the arguments made by Plaintiff National Farmers Union Property &

Casualty Company ("Farmers Union") in its Response in Opposition to the Motion to Dismiss (Doc. 32).

Defendants Gregory Robison and Grace Robison-Klonoski ("the Robisons") have joined in the motion to dismiss, by Joinder dated December 16, 2016 (Doc. 30). Defendant Erica Smith ("Smith") has joined in the motion to dismiss, by Joinder dated January 5, 2017 (Doc. 35). There are no other Defendants.

**I.  Introduction**

The question presented is simple:  Should the Court exercise its discretion to assert jurisdiction over this declaratory judgment action?

The Court has the power to decline jurisdiction over this declaratory action, given the permissive language of the Declaratory Judgment Act and Ninth Circuit precedent. *Geico v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).  The Court's decision is guided by "considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).  Simply stated, asserting jurisdiction over this declaratory action – which includes issues intertwined with the Wrongful Death Action in Mohave County Superior Court – would be impractical and present a host of problems that would be avoided if this Court were to decline jurisdiction.  The Ettens (joined by the Robisons and Smith) respectfully ask the Court to exercise its discretion to decline jurisdiction, and allow for the resolution of the issues in state court.

**II.  The Court's decision to assert or decline jurisdiction should be made based on the present action.**

Contrary to Farmers Union's suggestion, the undersigned cannot recall ever threatening it or its counsel with a bad faith or breach of contract counterclaim. Undersigned counsel is not wasting the Court's time with a motion to dismiss an action that will inevitably come back to United States District Court.  On the contrary, Farmers Union is providing Ann Etten with a defense under reservation of rights, and Farmers Union sued its Insureds in U.S. District Court.  Should the Court decline to assert

jurisdiction over this action, Farmers Union may choose to again sue its Insureds in Mohave County Superior Court. But that pure declaratory action, standing alone, would not be removable (if the Court dismisses this action).

The Ettens are masters of their own responsive pleading, and may certainly choose to forego even compulsory counterclaims. That decision, and the consequences of that decision, are for the Ettens – Farmers Union cannot make the choice for the Ettens.

Farmers Union suggests that in characterizing this action – and making the larger decision to assert jurisdiction – the Court should examine the action *not* as it now stands, but as it *could* exist, at some point in the future, *if* Farmers Union were to re-file this action in Mohave County Superior Court, and *if* the Ettens were to assert counterclaims in that action. The problem with this argument is the Ettens have *not* asserted counterclaims, and may never assert counterclaims. Again, it is certainly within the prerogative of the Ettens to forego counterclaims on a declaratory action involving insurance coverage.

Farmers Union's speculation on how the Court *could* have jurisdiction over this action, at some point in the future, *if* certain counterclaims are made, is *not* a solid foundation for jurisdiction. The better course is to evaluate this action as it presently stands – not as it could exist at some point in the future. The Ettens respectfully submit the Court should ground its decision on jurisdiction based upon the action presently before it.

**III. The present action entangles the Court and the parties with the action in Mohave County Superior Court.**

The action before the Court calls for a declination of jurisdiction. The Wrongful Death Action is presently proceeding in Mohave County Superior Court, and this action involves declarations bearing directly on the Wrongful Death Action. Not only that – this action seeks a declaration that "Ann Etten is not liable under the Family Purpose Doctrine in the Wrongful Death Action, and thus the Policies are not implicated". (Response, Doc. 32, at 2:8-9).

3

The wrongful death claimants – the Robisons and Smith – are parties to this action (again, they have joined in the motion to dismiss), and so they will have the opportunity to litigate, or re-litigate, the liability of the alleged tortfeasor, Ann Etten, under the family purpose doctrine in this federal declaratory action. However, that would be impractical and a poor use of judicial resources. The liability of the alleged tortfeasor should be decided in the Wrongful Death Action.

The second rate alternative proposed by Farmers Union – to stay one of the counts of the Amended Complaint for Declaratory Judgment – merely highlights the procedural gymnastics the Court must go through to assert jurisdiction over this declaratory action. Which begs the question: Why fight so hard to assert jurisdiction over an action for which jurisdiction may be declined, in the exercise of the Court's discretion, and for which full relief can be sought by Farmers Union in state court? The question suggests the answer: the practical and efficient use of judicial resources call for a streamlined action in state court.

Farmers Union protests that the Court could procedurally deal with the family purpose doctrine (stay part of this action), and then turn to Farmers Union's contention that even if the alleged tortfeasor is liable, the Policies do not provide coverage. (Response, Doc. 32, at 10:4-6). Yet, even with this procedural feat, considerations of practicality and wise judicial administration favor:

- The determination of state law issues in state court;
- The filing of routine declaratory actions in state court; and
- The avoidance of federal court litigation over issues before state courts.

*See Dizol*, 133 F.3d at 1225.

First, while it is true the insurance coverage questions may be decided under Minnesota law, it is equally true that state courts are just as competent to adjudicate cases calling for the application of another state's law. *See, e.g., Pounders v. Enserch E & C,*

*Inc.*, 232 Ariz. 352, 306 P.3d 9 (2013); *Swanson v. Image Bank, Inc.*, 206 Ariz. 264, 77 P.3d 439 (2003). Arizona precedent on choice of law is well developed and voluminous for the simple reason that Arizona state courts regularly decide cases under other states' laws. The Ettens would suggest this factor does not favor Farmers Union.

Indeed, this action involves a Minnesota policyholder who lives several months of the year in Arizona (Ann Etten); a resident of Arizona at the time of the accident (Erica Etten); two sets of claimants suing for the deaths of their Arizona residents; and a Wisconsin corporation (Farmers Union). A state court in Arizona, or in Minnesota, would have an interest in the outcome of the insurance coverage determinations. *Compare Owners Insurance Co. v. Young's Corral LLC*, 2011 WL 3759497, *4 (D.Ariz. 2011) ("the declaratory judgment action risks entangling the federal and state court systems, as Plaintiff is requesting that this Court declare that it is no longer responsible for defending Young's Corral in the underlying case"). The state court would be equally competent to adjudicate the matter, and would have an interest in the outcome on its residents. This would thus serve the policy and the interests behind the state law factor.

Second, there is an available and complete remedy open to Farmers Union in state court. Farmers Union may proceed with its declaratory action in state court. There is no wise policy reason for the Court to exercise discretion to encourage the filing of routine declaratory actions in federal court.

Farmers Union suggests the state court "will be unable to satisfactorily adjudicate this matter". (Response, Doc. 32, at 7:12 – 20). Contrary to this suggestion, there is absolutely a "procedural vehicle available to the insurance company in state court to resolve the issues raised in the action filed in federal court." *Id*., *quoting National Union Fire Ins. Co. of Pittsburgh, PA v. Aero Jet Services, LLC*, 2011 WL 4708857, *3 (D.Ariz. 2011). Farmers Union may bring the declaratory action in state court, and the state court will "satisfactorily" resolve the dispute. "Satisfactorily" is not a code word meant to

5

encourage forum shopping. It does not mean that every action involving insurance coverage issues or the application of another state's law must be decided by this Court. Yes, the Court would satisfactorily resolve the dispute – but so would the state court. The disguised forum shopping argument should be dismissed. The state court is well competent to decide this matter which may involve another state's law.

Third, there is no doubt this declaratory action touches upon the Wrongful Death Action in ways big and small. It bears repeating that both the Wrongful Death Action and this action call for the adjudication of the identical issue – the application of Arizona law on the family purpose doctrine to the facts of this matter. This alone calls for the declination of discretionary jurisdiction. *See Riverport Insurance Co. v. Horizon Human Services Inc.*, 2015 WL 7351670, *3 (D.Ariz. 2015) ("proceedings are sufficiently parallel if they arise from the same factual circumstances"); *Aero Jet*, 2011 WL 4708857, *2-*3 ("when the legal determinations in each case depend upon the same facts, the actions are sufficiently parallel to favor state court adjudication").

And, contrary to Farmers Union's suggestion, the insurance issues will touch upon the underlying facts. For instance, facts relating to the car's ownership, insurance, payments, and the like will bear both on the liability arguments for the family purpose doctrine in the Wrongful Death Action, and on the coverage arguments for reasonable expectations of coverage in this action. It makes more sense – practically speaking and administratively – for all the issues, including the application of the family purpose doctrine, to be litigated in state court.

This is so whether the presumption applies or not. Nonetheless, Judge Rayes' opinion in *Horizon Human Services* shows the presumption encouraging the declination of jurisdiction should apply. Judge Rayes carefully considered the subject, and found the presumption favoring declination applies where the state court action and the federal

declaratory action "are sufficiently parallel" since "they arise from the same factual circumstances." *Horizon Human Services*, 2015 WL 7351670, *3.

Judge Rayes expressly rejected the concept that the issues and the parties had to be the same for the presumption to apply: "Riverport [Insurance Company] argues there is no pending state court proceeding involving the same issues [insurance coverage issues] between the same parties [Riverport was not a party to the underlying tort action].... But[, writes Judge Rayes,] proceedings are sufficiently parallel if they arise from the same factual circumstances." *Id*.

Here, the proceedings are sufficiently parallel for the presumption to apply. The facts underlying the application of the family purpose doctrine are at issue in both the Wrongful Death Action and this action. Same facts, same issue. Further, the reasonable expectations claim touches upon some of the facts in the Wrongful Death Action. Nevertheless, as shown above, even without the presumption, the declination of jurisdiction would be the wise course.

## IV. Farmers Union's disparagement of the Ettens' reasonable expectations claim warrants a response.

Farmers Union spends a good many words characterizing the Ettens' reasonable expectations case as weak and unreasonable. (Response, Doc. 32, at 3:17 – 4:7; 5:19 (including Note 2) – 7:2 (including Note 3)). The gist appears to be the underlying insurance on the Lincoln MKZ was not scheduled on the Umbrella Policy, and coverage for "anything unknown" is unreasonable. (Response, Doc. 32, at 3:21 – 4:7). The Ettens will respond simply by explaining the insurance agent told Doug and Ann Etten that the requirement for auto coverage under the Umbrella Policy was underlying insurance with policy limits of $250,000 / $500,000. He did not tell them the underlying insurance also had to be scheduled on the Umbrella Policy.

Doug and Ann increased the limits of the underlying insurance on the Lincoln, which Ann co-owned, from $30,000 / $60,000 to $250,000 / $500,000. This satisfied the

1 underlying insurance requirements for the Umbrella Policy.  But the insurance agent did
2 not schedule this underlying insurance on the Umbrella Policy.  The Ettens' expectation
3 was they had umbrella coverage on the Lincoln co-owned by Ann because the Lincoln had
4 underlying insurance at the level required by the Umbrella Policy – the sole requirement
5 for umbrella coverage communicated to them by the insurance agent.

6 Farmers Union "believes such facts do not create a fact question under Minnesota
7 law involving reasonable expectations claims" – and cites and/or quotes at least six
8 Minnesota cases supposedly supporting this belief.  (Response, Doc. 32, at 6:12-13
9 (including Note 3)).  The Ettens disagree, and would rebut the case law and legal analysis
10 furnished by Farmers Union with the following footnote,[1] which shows the Ettens have a
11 meritorious reasonable expectations case.

12 The Ettens dispute the facts, law, and arguments set forth by Farmers Union in its
13 Response (Doc. 32) that are not germane to the issues at hand.  The Ettens will not burden

---

[1] Under Minnesota law, "the reasonable expectations doctrine permits courts to depart from the literal terms and conditions of an insurance policy in order to protect the reasonable expectations of the insured with respect to coverage." *Bethel v. Darwin Select Insurance Co.*, 735 F.3d 1035, 1041 (8th Cir. 2013) (Minnesota law).  The reasonable expectations doctrine permits the Court to "interpret an insurance policy according to the insured party's reasonable expectations, even though the language of the policy would have proscribed coverage and negated those expectations." *Illinois Farmers Insurance Co. v. Eull*, 594 N.W.2d 559, 651 (Minn. App. 1999).  The Court may find coverage, even when the terms of the policy exclude coverage, to uphold the reasonable expectations of the insured. *Carlson*, 749 N.W.2d at 48.  And "[t]he insurance policy need not be ambiguous for the doctrine to apply." *Frey v. United Services Auto Ass'n*, 743 N.W.2d 337, 342 (Minn. App. 2008).  Lastly, "[t]he question of whether or not the insured's expectations were reasonable is ordinarily an issue of fact for the jury". *Wessman v. Massachusetts Mut. Life Ins. Co.*, 929 F.2d 402, 405 (8th Cir. 1991) (Minnesota law); *see also Minnesota School Boards Ass'n Ins. v. Employers Insurance of Wausau*, 331 F.3d 579, 582 (8th Cir. 2003) (Minnesota law) ("[The] determination of the reasonableness of [the insured's] expectations was properly for the jury"); *Atwater Creamery Co. v. Western Nat'l Mut. Insurance Co.*, 366 N.W.2d 271, 278 (Minn. 1985) ("The insured may show what actual expectations he had, but the factfinder should determine whether those expectations were reasonable under the circumstances").

the page with a narrative on the facts, law, and arguments bearing on the coverage case, which are not relevant to their Motion (Doc. 22).  The Ettens register their disagreement, and reserve the right to contest the contents of the Response (Doc. 32) not bearing on the Motion (Doc. 22) at the appropriate time.  This Reply will be limited to the jurisdictional question presented to the Court.

**V.     Conclusion**

As presently framed, the Court cannot proceed in this action without entangling itself with the Wrongful Death Action in Mohave County Superior Court.  Rather than find a procedural vehicle to proceed anyways, the Ettens respectfully suggest this action be dismissed with leave for Farmers Union to re-file in state court.

The Wrongful Death Action and this action grew out of factual scenarios sufficiently similar for the presumption favoring the declination of jurisdiction to apply.  And the declination of jurisdiction makes sense because the state court is equally competent to adjudicate the matter, and would have an interest in the outcome on its residents.

To countenance a federal action inclusive of an Insured's lack of liability under state tort principles – the family purpose doctrine – and claims for reasonable expectations of coverage would be unwise.  The Court would set a better policy by exercising its discretion to dismiss this action.

RESPECTFULLY SUBMITTED on January 10, 2017.

MEAGHER & GEER, P.L.L.P.


By: /s/ Rob A. Justman
    Rob A. Justman
    8800 N. Gainey Center Drive, Suite 261
    Scottsdale, Arizona  85258
    *Counsel for Defendants*

9

# CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2017, I electronically transmitted the attached documents to the court clerk's office using the CM/ECF system for filing and thereby transmitted a notice of electronic filing to the following CM/ECF registrants:

Clerk of Court
***United States District Court***
District of Arizona – Phoenix
401 W. Washington Street, Suite 130
Phoenix, Arizona  85007

The Honorable John J. Tuchi
***United States District Court***
Sandra Day O'Connor U.S. Courthouse, Suite 525
401 W. Washington Street, SPC 83
Phoenix, Arizona  85007

Mark G. Worischeck, Esq.
Ryan P. Sandstrom, Esq.
***Sanders & Parks, P.C.***
3030 North Third Street, Suite 1300
Phoenix, AZ  85012
*Attorneys for Plaintiff*

Kurt Kroese, Esq.
***Biaggi & Kroese, PLLC***
55 West Franklin Street
Tucson, Arizona  85701
*Attorneys for Defendant Erica F. Smith*

I hereby certify that on January 10, 2017, I served the attached document by mail and via e-mail on the following, who are not registered participants of the CM/ECF System:

Robert L. Russell, Esq.
***Robert Russell Law Office***
220 W. Washington Ave.
Suite 103
Fergus Falls, MN  56537
*Attorneys for the Defendants Ann Etten And Erica Etten*

Patrick E. Broom, Esq.
***Russo, Russo & Slania, PC***
6700 North Oracle Road
Suite 100
Tucson, Arizona  85704
*Attorneys for Defendants Gregory Robison and Grace Robinson-Klonoski*

I hereby certify that on January 10, 2017, I served the attached document by mailed to the following:

The Honorable John J. Tuchi
***United States District Court***
Sandra Day O'Connor U.S. Courthouse, Suite 525
401 W. Washington Street, SPC 83
Phoenix, Arizona  85007

By: /s/  Vanessa Henderson

11341333.1